# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RACHEL GLENN,**<br>3363 Portola Avenue Unit 2<br>Pittsburgh, PA 15214<br><br>    Plaintiff<br><br>v.<br><br>**COUNTY OF ALLEGHENY,**<br>**PENNSYLVANIA**<br>436 Grant Street<br>Pittsburgh, PA 15219<br>    Defendant<br><br><br><br><br><br>December 6, 2022 | DOCKET NO.: 2:22-cv-1734<br><br>JURY TRIAL DEMANDED<br><br>TYPE OF PLEADING<br><br>**COMPLAINT**<br><br>FILED ON BEHALF OF<br><br>**RACHEL GLENN**,<br>Plaintiff<br><br>John A. Daller, Esquire<br>PA Bar No. 329356<br>Daller Law Firm<br>PO Box 162<br>510 Pittsburgh Street<br>Mars, PA 16046<br>(724) 201-2050<br>johndaller@daller-law.com |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RACHEL GLENN**, | ) |
| Plaintiff | ) DOCKET NO.: 2:22-cv-1734 |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| **COUNTY OF ALLEGHENY**, **PENNSYLVANIA** | ) |
| Defendant | ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

This is a civil action seeking damages against a government employer for committing acts which deprived Plaintiff of rights secured by the laws of the United States and of the Commonwealth of Pennsylvania when Defendant refused to grant Plaintiff a religious exemption from its mandatory COVID-19 vaccination policy because it failed to consider and refused to offer reasonable accommodations, and acted disparately against her by practice and pattern compared to other similarly situated employees because of her sincerely held religious beliefs.

## PARTIES TO THIS COMPLAINT

1. Plaintiff, Rachel Glenn, an individual, is a resident of Allegheny County, Pennsylvania and resides at 3363 Portola Avenue Unit 2 Pittsburgh, Pennsylvania 15214.

2. Defendant, County of Allegheny, is a political subdivision of the Commonwealth of Pennsylvania with its headquarters and principal place of business in Allegheny County, Pennsylvania, located at 436 Grant Street Pittsburgh, Pennsylvania 15219.

3. Plaintiff has been employed continuously since June 1993 by the Defendant, most recently as the Serology Laboratory Supervisor since August 2015 prior to her termination.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this matter pursuant to Title VII of the Civils Rights Act of 1964 as codified, *42 U.S.C. §§ 2000e to 2000e-17*.

5. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania Human Relations Act claim under *43 P.S. § 955(a)* pursuant to *28 USCS § 1367(a)* because it is so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district under *28 U.S.C. §1391(b)(1)* because Defendant resides within this judicial district and under *28 U.S.C. § 1391(b)(2)* because Plaintiff suffered damages within the jurisdiction of the Eastern District of Pennsylvania.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

7. A claim (PHRC Case No. 202102058) was filed with the Pennsylvania Human Relations Commission regarding Defendant's discriminatory action on March 22, 2022. (**copy hereto attached as Exhibit A**)

8. The claim was secondarily filed to the Equal Employment Opportunity Commission by the primary state investigative agency and captioned as EEOC Case No. 17F202260779.

9. The Pennsylvania Human Relations Commission, through its Executive Director Chad Dion Lassiter, MSW, issued a Finding of No Probable Cause on March 29, 2022. (**copy hereto attached as Exhibit B**)

10. A request for Preliminary Hearing was submitted to the Pennsylvania Human Relations Commission by the Plaintiff on Apriul 19, 2022. (**copy hereto attached as Exhibit C**)

11. The Pennsylvania Human Relations Commission denied the request for Preliminary Hearing on July 27, 2022. (**copy hereto attached as Exhibit D**)

12. Plaintiff submitted a request for a substantial evidence review to the Equal Employment Opportunity Commission on August 1, 2022.

13. The Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights on September 8, 2022. **(copy hereto attached as Exhibit E)**

## FACTUAL BACKGROUND

14. The Plaintiff is a practicing non-denominational Christian.

15. The Plaintiff has been employed continuously since June 1993 by the Defendant County of Allegheny and as the Serology Laboratory Supervisor since August 2015.

16. The Defendant employs more than twenty employees.

17. Defendant announced a mandatory COVID-19 vaccination requirement for employees on or around July 2021, requiring Plaintiff to be vaccinated by December 1, 2021.

18. Plaintiff requested a religious exemption based upon her sincerely held fundamental religious beliefs on October 22, 2021, and submitted a narrative statement that, in relevant parts, noted that she has an obligation to respect and honor this temporary vessel (her body) because "the Temple of God is holy," **(copy hereto attached as Exhibit F)**

19. Plaintiff met with Defendant County of Allegheny's agent, Ellen Buannic, Employee Relations Coordinator, from the Department of Human Resources on October 29, 2021.

20. Defendant County of Allegheny's agent, Ms. Buannic, provided an email summary the same day of the meeting that stated, in relevant part, that "you have been in the Church your entire life," you have a "God given immune system," and listen to podcasts regarding the Bible. **(copy hereto attached as Exhibit G)**

21. At no time did Defendant County of Allegheny's agent, Ms. Buannic, ask Plaintiff about the reasonableness of the currently employed accommodations or indicate the need to consider other accommodations in order to address the Plaintiff's exemption request.

22. Defendant County of Allegheny's agent's, Ms. Buannic's, summary of the interactive process meeting does not indicate that the current accommodations were causing the Defendants an undue hardship, let alone document any discussion of any other possible reasonable accommodations.

23. The Plaintiff received a letter denying her religious exemption request because the County alleged that providing any accommodation would pose an undue hardship upon the County. (**copy hereto attached as Exhibit H**)

24. On November 24, 2021, Plaintiff received a Loudermill Hearing notice from Defendant County of Allegheny agent, Ms. Kimberly Joyce. (**copy hereto attached as Exhibit I**)

25. Plaintiff elected not to attend the hearing but rather submitted a written response (**copy hereto attached as Exhibit J**) that responded to the allegations in the Loudermill notice. Specifically, the Plaintiff provided options for accommodations that would permit her to continue to perform her job duties. The Plaintiff noted that these accommodations were actions that were already in place during the course of the pandemic and therefore would not impose any undue hardship upon Allegheny County. These accommodations included periodic testing since August 2021.

26. During the course of the COVID-19 pandemic, the Plaintiff has worn a mask, socially distanced, avoided prolonged contact with others, and has submitted to interval testing since August 2021 as requested by Defendant County of Allegheny.

27. The results of the Plaintiff's tests were all negative, demonstrating the effectiveness of the accommodations employed.

28. Plaintiff's work as Serology Laboratory Supervisor requires minimal interaction with others because of safety protocols and the nature of the work that are entirely independent of the COVID-19 pandemic.

29. Plaintiff had continuously performed her duties successfully during the pandemic, working under the protocols and accommodations established by Defendant County of Allegheny, and was able to satisfactorily complete the required work.

30. Plaintiff received an undated letter from Defendant County of Allegheny agent, Patrick Dowd, notifying Plaintiff that her employment with Defendant County of Allegheny was terminated as of December 1, 2021, because she disqualified herself by not complying with the COVID-19 vaccination requirement even though it did not question the sincerity of her sincerely held religious belief and the Plaintiff had been satisfactorily performing her employment tasks under the proposed accommodation conditions for over six months.

**COUNT ONE – RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII- FAILURE TO ACCOMMODATE**

31. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

32. Title VII makes it an unlawful practice for an employer to discharge any individual or to otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's religion. *42 U.S.C. § 2000(e)-2(a)*.

33. 29 CFR § 1605.2(b)(1) codifies Title VII Section 701(j) that makes it an unlawful employment practice under section 703(a)(1) for an employer to fail to reasonably

accommodate the religious practices of an employee or prospective employee, unless the employer demonstrates that accommodation would result in undue hardship on the conduct of its business. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977).

34. The Third Circuit has adopted the following definition of religion that states: "[f]irst, a religion addresses fundamental and ultimate questions having to do with deep and imponderable matters. Second, a religion is comprehensive in nature; it consists of a belief system as opposed to an isolated teaching. Third, a religion often can be recognized by the presence of certain formal and external signs." *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981) quoted in *Fallon v. Mercy Catholic Med. Ctr*. 877 F.3d 487, 491 (3d Cir. 2017).

35. The sincerity of an employee's stated religious belief is usually not in dispute and is "generally presumed or easily established." *Moussazadeh v. Tx. Dep't of Crim. Just*., 703 F.3d 781, 790 (5th Cir. 2012).

36. The individual's sincerity in espousing a religious observance or practice is "largely a matter of individual credibility." *Davis v. Ft. Bend Cnty*., 765 F.3d 480, 486 (5th Cir. 2014) quoting *Tagore v. United States*, 735 F.3d 324, 328 (5th Cir. 2013).

37. In the Third Circuit, employees may establish a claim for religious discrimination based upon a theory of "failure to accommodate" because of religion. *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 281 (3d Cir. 2001).

38. Where a Plaintiff brings a claim under a failure to accommodate theory, she must first establish a *prima facie* case of religious discrimination by establishing that: 1) she holds a sincerely held religious belief that conflicts with a job requirement, 2) she informed her

employer of the conflict, and 3) she was disciplined for failing to comply with the conflicting requirement. *Webb v. City of Philadelphia*, 562 F.3d 256, 259 (3d Cir. 2009).

39. Plaintiff is a practicing non-denominational Christian.

40. Plaintiff follows the teachings of Jesus Christ and her belief system is founded upon the recordings found in the Holy Bible.

41. Christianity can be recognized by the presence of "certain formal and external signs."

42. Plaintiff has a fundamental sincerely held religious belief system founded in Christianity.

43. Plaintiff informed Defendant of her sincerely held religious beliefs and the conflict created by the Defendant's mandatory Covid-19 vaccination policy when she filed a religious exemption request.

44. Courts are not arbiters of scriptural interpretation; and by inference, neither are employers. *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 716 (1981).

45. Defendant, through its agent, Ellen Buannic, conducted a meeting with Plaintiff.

46. Defendant's agent did not question the sincerity of the Plaintiff's sincerely held fundamental religious belief, stating in her summary, in relevant part, that "you have been in the Church your entire life" and that Plaintiff has a "God-given immune system." **(Exhibit G, *supra*)**

47. At no time did Defendant County of Allegheny's agent, Ms. Buannic, ask Plaintiff about the reasonableness of the currently employed accommodations or indicate the need to consider accommodations other than the accommodations and safety practices that were already being employed in order to address the Plaintiff's exemption request.

48. The summary of the meeting with Ms. Buanic, Defendant's agent, did not state that accommodations were not possible.

49. At no time was a complete interactive process meeting conducted to discuss whether accommodations could be provided.

50. Since an effective interactive process meeting did not occur, Defendant failed to engage with Plaintiff to determine whether accommodations were possible.

51. The only existing evidence at the time of the denials of Plaintiff's religious exemption requests was that the Plaintiff held sincere fundamental religious beliefs that conflicted with the Defendant's mandatory Covid-19 vaccination policy.

52. Despite her religious exemption request, the Defendant disciplined Plaintiff when it disqualified her from employment for not complying with its mandatory Covid-19 vaccination policy that conflicted with her fundamental sincerely held religious beliefs.

53. Plaintiff believes and therefore avers that Defendant discriminated against her on the basis of her religion by terminating her employment based upon her sincerely held religious beliefs.

54. It is believed and therefore averred that Defendant uniformly denied religious exemption requests from all employees by refusing to consider possible accommodations.

55. It is believed and therefore averred that Defendant acted with malice and reckless indifference to the federally protected rights of Plaintiff when it illegally terminated her employment.

56. Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, emotional distress, court costs, and legal fees.

57. Pursuant to *42 U.S.C. § 2000e-5(k)* and *42 U.S.C. § 1988(b)*, this Honorable Court may award the prevailing party reasonable attorney's fees as part of the costs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award her damages in the form of lost wages and benefits, punitive damages, costs, attorney's fees, and interest, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment, or enter any other Order this Honorable Court finds to be in the interest of justice.

## COUNT TWO – RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII – DISPARATE TREATMENT

58. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

59. Under Federal law, it is illegal to treat employees differently based upon their religious beliefs. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

60. In order to present a claim of religious discrimination based upon disparate treatment, the Plaintiff must establish a *prima facie* case of discrimination. *Id*.

61. In order to establish a *prima facie* case of religious discrimination, the Plaintiff must establish that: 1) she was a member of a protected class, 2) she suffered an adverse employment action, and 3) similarly situated persons outside of the protected class were treated more favorably than her. *Abramson v. William Patterson College*, 260 F.3d 265, 281 (3d Cir. 2001).

62. In the Third Circuit, employees may establish a claim for religious discrimination based upon a theory of "disparate treatment" because of religion. *Id*.

63. In order to present a claim of disparate treatment once religious discrimination is established, a Plaintiff must "plead that a facially neutral practice's adverse effects fall disproportionately" on a protected class. *Powell v. Ridge*, 189 F.3d 387 (3d Cir. 1999).

64. Plaintiff is a practicing non-denominational Christian.

65. Plaintiff has fundamental sincerely held religious beliefs.

66. Plaintiff was terminated from her position as Serology Laboratory Supervisor because of these fundamental sincerely held religious beliefs.

67. It is believed and therefore averred that other employees who were not religious were not terminated because of the COVID-19 mandatory vaccination policy.

68. It is believed and therefore averred that additional individuals had their requests for religious exemptions denied and were all directly terminated or constructively terminated solely because of their sincerely held religious beliefs.

69. The adverse effect of termination disproportionately fell upon religious individuals, including Plaintiff, who exercised their religious beliefs and requested religious exemptions, but whose exemption requests were uniformly denied.

70. It is believed and therefore averred that Defendant acted with malice and reckless indifference to the federally protected rights of Plaintiff.

71. Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, emotional distress, court costs, and legal fees.

72. Pursuant to *42 U.S.C. § 2000e-5(k)* and *42 U.S.C. § 1988(b)*, this Honorable Court may award the prevailing party reasonable attorney's fees as part of the costs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award her damages in the form of lost wages and benefits, punitive damages, costs, attorney's fees, interest, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment or enter any other Order this Honorable Court finds to be in the interest of justice.

**COUNT III – RELIGIOUS DISCRIMINATION IN CONTRAVENTION TO THE PENNSYLVANIA HUMAN RELATIONS ACT- FAILURE TO ACCOMMODATE**

73. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

74. Pursuant to § 5 of the Pennsylvania Human Relations Act as Amended, it is an unlawful discriminatory practice for any employer to refuse to hire, discharge from employment, or otherwise discriminate against an individual with respect to terms, conditions, or privileges of employment on the basis of religious creed. *43 P.S. § 955*.

75. Analysis of cases of employment discrimination brought pursuant to the Pennsylvania Human Relations Act follow the framework established under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

76. The Plaintiff bears the burden of proof in establishing a *prima facie* case that 1) she holds a sincere religious belief; 2) the sincere religious belief conflicts with a job requirement, 3) she informed the employer of the conflict; and 4) she was disciplined for failing to comply with the requirement.

77. Plaintiff has sincerely held religious beliefs founded upon the teachings of Jesus Christ and the recordings found in the Holy Bible that prevent her from accepting the Covid-19 vaccine.

78. Defendant's mandatory Covid-19 vaccination policy was in direct conflict with Plaintiff's sincerely held religious beliefs.

79. Plaintiff informed the Defendant of this conflict when she filed for a religious exemption request based upon her sincerely held religious beliefs.

80. Courts are not arbiters of scriptural interpretation; and by inference, neither are employers. *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 716 (1981).

81. Defendant failed to engage the Plaintiff in the interactive process to inquire about possible accommodations despite the fact that the Plaintiff was already complying with all of the Defendant's policies and safety protocols.

82. Defendant denied Plaintiff's request for a religious exemption because it claimed that providing any accommodation would pose an undue hardship upon the County.

83. Defendant subsequently disciplined Plaintiff for not accepting the vaccine when it terminated her from her position as Serology Laboratory Supervisor.

84. Based upon these averments, Plaintiff has set forth a *prima facie* case for employment discrimination under the Pennsylvania Human Relations Act. *General ElectricCorp. V. Pennsylvania Human Relations Comm*, 365 A.2d 649 (Pa. 1976 ); *School Dis. Of Phila. V. Friedman*, 507 A.2d 882 (Pa. Cmwlth. 1986).

85. Therefore, the burden then shifts to Defendant to establish that there is a valid basis for the employment action. *Amtrak v. Pennsylvania Human Relations Comm.*, 452 A.2d 301 (Pa. Cmwlth. 1982).

86. The Defendant acknowledged the sincerity of Plaintiff's sincerely held religious beliefs through its agent, Ellen Buannic, in her summary of her meeting with Plaintiff.

87. At no time was an actual interactive process meeting conducted to discuss what possible accommodations could be provided.

88. Since the interactive process meeting did not occur, Defendant failed to engage with Plaintiff to determine whether accommodations were possible.

89. The only existing evidence at the time of the denial of Plaintiff's religious exemption request was that she had fundamental sincerely held religious beliefs.

90. Plaintiff believes and therefore avers that Defendant discriminated against her on the basis of her religion by failing to accommodate her sincerely held religious beliefs.

91. Pursuant to *43 P.S. § 959*, interest, attorney's fees, and punitive damages are available remedies for violations of the Pennsylvania Human Relations Act.

92. Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, court costs, and legal fees.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award her damages in the form of lost wages and benefits, costs, punitive damages, interest, attorney's fees, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment or enter any other Order the Honorable Court finds to be in the interest of justice.

**COUNT IV – RELIGIOUS DISCRIMINATION IN CONTRAVENTION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – DISPARATE TREATMENT**

93. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

94. The Pennsylvania Human Relations Act prohibits employers from treating people of faith differently from similarly situated individuals. *Mobley v. Coleman*, 110 A.3d 216 (Pa. Cmwlth. 2015).

95. A Plaintiff must initially set forth a *prima facie* case of discrimination on the basis of religion as held in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and subsequently adopted by the Pennsylvania Supreme Court. *Garner v. Pennsylvania Human Relations Commission*, 16 A.3d 1189 (Pa. Cmwlth. 2011).

96. In order to establish a *prima facie* case, the Plaintiff must establish that 1) she was a member of a protected class; 2) she suffered an adverse employment action; and 3) similarly situated persons outside of the protected class were treated more favorable than her. *Spanish Council of York, Inc. v. Pennsylvania Human Relations Comm.*, 879 A.2d 391 (Pa. Cmwlth 2005).

97. Plaintiff is a practicing non-denominational Christian who has sincerely held religious beliefs.

98. Plaintiff has been continuously employed by Defendant for over twenty-eight years, most recently as Serology Laboratory Supervisor since 2015, and has performed her duties at the work place of Defendant in a satisfactory manner.

99. Plaintiff complied with the requirements of the Defendant's COVID-19 and safety policies at all times.

100. Plaintiff believes and therefore avers that other workers who did not hold sincerely held religious beliefs also followed the Defendant's COVID-19 and safety policies.

101. The Plaintiff applied for a religious exemption from the Defendant's mandatory Covid-19 vaccination policy.

102. Defendant denied Plaintiff's request for a religious exemption because it claimed that all accommodations would be an undue hardship upon the Defendant.

103. Defendant failed to engage the Plaintiff in the interactive process to inquire about possible accommodations, despite the Plaintiff already following COVID-19 safety protocols.

104. The Defendant terminated the employee on December 1, 2021, because of her sincerely held religious beliefs.

105. It is believed and therefore averred that other employees who were not religious were not terminated because of the COVID-19 mandatory vaccination policy.

106. It is believed and therefore averred that additional individuals whose requests for religious exemptions were uniformly denied were all directly terminated or constructively terminated because of their sincerely held religious beliefs.

107. The adverse effect of termination disproportionately fell upon those individuals, including Plaintiff, who exercised their religious beliefs but whose exemption requests were uniformly denied.

108. Plaintiff suffered an adverse employment action when her employment was terminated effective December 1, 2021.

109. Plaintiff believes and therefore avers that she was unlawfully discriminated against by Defendant in violation of Pennsylvania law when she was disparately treated in comparison to other similarly situated employees who were not religious and therefore outside of her protected class.

110. Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, court costs, and legal fees.

111. Pursuant to *43 P.S. § 959*, interest, attorney's fees, and punitive damages are available remedies for violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award Plaintiff damages in the form of lost wages and benefits, costs, punitive damages, interest, attorney's fees, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment or enter any other Order the Honorable Court finds to be in the interest of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgement in her favor and against Defendant and award her the following relief:

a. Award her lost wages and benefits plus interest;

b. Award her punitive damages;

c.  Order immediate reinstatement of her to previous position under terms at least as favorable to her;

d.  Award her costs and counsel fees; and

e.  Award any additional and further relief this Honorable Court deems in the interest of justice.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

Date:   December 6, 2022

s/ John A. Daller

John A. Daller
Attorney for Plaintiff
PA No. 329356
Daller Law Firm
PO Box 162
510 Pittsburgh Street
Mars, PA 16046
(724) 201-2050
johndaller@daller-law.com